LUPPE et al. v. MOORE & MUNGER CO. (Supreme Court, Appellate Term. January 7, 1909.) Appeal from Municipal Court, Borough of Manhattan, Third District. Action by Otto Luppe and others against the Moore & Munger Company. From a judgment of the Municipal Court in favor of defendant, plaintiffs appeal. Affirmed. Mark Eisner, for appellants. L. E. Warren, for respondent.

PER CURIAM. Judgment affirmed, with costs.

MacLEAN, J. (dissenting). It is undisputed that the defendant ordered of the plaintiffs 1,000 metal plates at 35 cents each, and that the following was to appear thereon: "Moore & Munger Co., Body Builders, 602–604 West 52d St. New York." Delivery in two installments and within a fixed time was provided for by the order, but time appears subsequently to have been waived. The delivery of the first installment was made and paid for, but the defendant claims rejection on the ground that the plates delivered did not conform to the order, in that there appeared thereon the words "made in Germany." Nonconformity was clearly patent. Use of those plates or any of them by the defendant was not necessary to discover the fact. "But if the thing purchased is found on examination * * * not to answer the order given for it, he must immediately return it to the vendor, or give him notice to take it back, and thereby rescind the contract, or he will be presumed to have acquiesced." Reed v. Randall, 29 N. Y. 358, 363, 86 Am. Dec. 305. That was the right and the duty of the defendant upon that first delivery; but the weight of evidence herein that the defendant so acted is with the plaintiffs, and not with the defendant. The president of the defendant testified that he immediately sent word to the plaintiffs that he did not want the plates. When asked how he sent word, he replied, "I think in writing, and telephoned, both." But there was no evidence of mailing, nor was there competent evidence of telephonic communication, as he testified that he did not know to whom he talked over the telephone, other than that a Mr. Rosenfeld (presumably Lowenfeld, a representative of the plaintiffs, who seems to have been called Lowenfeld and Rosenfeld interchangeably at the trial) "said it was he." Lowenfeld testified that he never received a letter or telephone message from the defendant, never received any communication or any information as to the return of the goods, that he has never had, then or since, a telephone in his office, and this last fact was not contradicted. Furthermore, it appears from the testimony of the president of the defendant that it has used a few of the plates. This is not consonant with return, or offer to return, as use of one was not necessary to determine nonconformity to order.

Nonconformity was apparent upon casual glance. It might not make its own numerical selection for rejection, and upon that base its rescission. Failing to prove by a preponderance of evidence its rejection, by offer to return, and consequent rescission, it had no. right arbitrarily to refuse to accept the tender of the remainder of the goods, for which this action was brought, concededly conforming to its order. Cahen v. Platt, 69 N. Y. 348, 25 Am. Rep. 203. Judgment, therefore, for the defendant, was error, and should be reversed, and a new trial ordered, with costs to the appellant to abide the event.